Thank you, your honor. Kristen Thayer for Appellant Carl Belt. I'd like to reserve three minutes for rebuttal, and I'll keep track of the clock. Thank you. There are two erroneous supervised release conditions at issue in this case. First, the overbroad search condition, and second, the unconstitutionally vague risk notification condition. Turning briefly first to the search condition, it is overbroad because there is no nexus to Mr. Belt's personal history or criminal history and the electronic devices component of the condition. This court in Weiss, which is addressed in the reply brief, held that while district courts may, of course, impose supervised release conditions that are not strictly based on the offense underlying the conviction, those types of conditions do need to have a, quote, nexus to the defendant's history and the goal of supervision that's at issue. And we just are missing that component here. Does the district court have to make an explicit nexus finding in regard to search conditions every time? I would say yes in this scenario because there's just absolutely nothing in the record that this court could review and point to or that the government has been able to point to that would factually support this condition. I think generally speaking, the court can sometimes consider the totality of the record and find support, but that's completely lacking here. So yes, the district court would need to have stated a specific nexus, but I just don't think there is one here. Go ahead, Judge Bennett. You know, I have trouble with your argument. Your client has a very, very, very long, unbroken history of criminal behavior. And the condition is there has to be reasonable suspicion that he's violated a condition of supervision and that the area to be searched contains evidence of the violation. Counsel's objection at sentencing was basically, well, you know, the way it normally works is they just say, I want to search your phone. And the judge says, well, that's not what the condition says. I just don't understand what more of a nexus there needs to be when you have this really long history of criminal behavior and you need reasonable suspicion, both of a violation and that there's evidence on the garage bedroom or phone to be searched. Yes, Your Honor. And I understand the court is correct that the when a probation officer can search was identified and supported in this case. So based on reasonable suspicion that there would be evidence of a violation. But what Mr. Belt is simply objecting to is the places to be searched. And the district court did not address that component of the objection. We're not objecting to reasonable suspicion to search his home, his car, his residence, which is where you would find evidence. You would find a gun or drugs, which is Mr. Belt's in his criminal history. But there's nothing in his criminal history or personal history and characteristics that indicates he's ever improperly used an electronic device to facilitate these crimes or otherwise harm the public in a way that would make searching the data on a phone or a computer reasonable in this case, given his convictions. But if there's reasonable grounds to believe that there's evidence on the phone, I'm just having trouble seeing what the problem is because they can't just search it because there's reasonable grounds to believe reasonable suspicion of a violation. There has to be reasonable suspicion that the phone has evidence. And I would take a step back, Your Honor, because the reason this condition needs to be narrowly tailored is because, of course, it is dispensing with the warrant requirement or the probable cause requirement even without a warrant. So this is an intrusion into Mr. Belt's liberty, his very significant Fourth Amendment rights. But he doesn't have the same liberty interest that anybody else does because he's on supervised release. And the Supreme Court said a long time ago the reasonable suspicion is enough if you include that as a condition of supervised release. Yes, Your Honor. And that would be as to when they can search. But that does not mean that there should that necessarily automatically any place can be justified. Your brief argues about the ubiquitous nature and the importance of electronic devices and so forth. And it seems to me that's the exact explanation, isn't it? And in fact, that people send emails all the time that make reference to activity that turns out to have been criminal. And his problem is that if he sends such a message, they search his phone. They may not be able to find a gun, but he might find a reference to giving a gun to somebody else or planning to get a gun. Why isn't that a plausible explanation for why they want to be able to search his phone? Because it would be based on an assumption not supported by the record. So there is no evidence and the government hasn't presented any evidence that Mr. Belt had done so. If they have to establish reasonable suspicion, I mean, the reasonable suspicion requirements there, as Judge Bennett points out, they got to have reasonable suspicion to think they're going to find something on the phone. How is that insufficient? And, Your Honor, I'm referencing at sentencing that there has to be an evidentiary basis to support the breadth of this condition. So I'm not discussing in the future how it could be used. It's more that this record at sentencing or in the PSR does not support including electronic devices for a fairly run-of-the-mill, frankly, felon in possession of a firearm conviction. Before your time runs out, you might want to move to the other condition. Yes, Your Honor. Thank you very much. So as to the risk notification, there's two points I'd like to make. Of course, our main contention is the condition is unconstitutionally vague. The condition I also would submit is, as a practical matter, unnecessary. So first, the unconstitutionality of the condition is established by Matt Derrilla. The opening brief at page 11 has sort of a side-by-side comparison. That's a decision that came out after this sentencing took place. So I don't know how that could possibly establish plain error. Your Honor, this court applies the state of the law as of the direct appeal for plain error purposes. And I do not have that case site, but I can submit it to the court. Counsel, my issue is the way I read Evans is Evans absolutely sanctions this condition. And in the last four or five months, we have had four or five unpublished decisions by the Ninth Circuit saying just that. That in Evans, we upheld this very condition. That's the way I read Evans. And we haven't had a published decision saying specifically we've upheld this exact condition. But I don't see any other way to read Evans. And as I say, four or five recent cases have read it the same. Why doesn't Evans sanction this condition where they're talking about look at what the Sentencing Commission has done. This isn't what the Sentencing Commission has done. We remand to modify in accordance with this opinion, which strikes me as meaning in accordance with what the Sentencing Commission has done. Well, Your Honor, Mag Derrilla post-states Evans. And Mag Derrilla is the most recent published decision this court issued in 2020. That held that there's no meaningful distinction between the condition in Mag Derrilla and Mr. Belt's condition. I don't see they're saying it. It says in Mag Derrilla, on remand, the district court may wish to consider the language in Guideline 5D1.3C12. And isn't that what we're looking at here? Well, I would submit that that dicta portion of Mag Derrilla is slightly ambiguous. Because the condition at issue here does not reference Mr. Belt's criminal history and doesn't even use the words criminal history. So it's unclear exactly what Mag Derrilla was pointing, which version of the standard condition Mag Derrilla may have been pointing to. The Evans condition, standard condition used to have personal history and characteristics, this court struck that as vague. And then Mag Derrilla also struck a condition as vague because it still left open, without any definition, the risks or the conduct that would trigger this sort of risk notification. So your view is that the four or five unpublished decisions which have held that Evans upheld this very condition, that they're just wrong? I would submit that the unpublished decisions at government sites don't address Mag Derrilla. I think most of them predate Mag Derrilla or perhaps came around the time Mag Derrilla was issued. So really this case would be, I think, one of the first to grapple with Mag Derrilla. And really, if you just look at the two conditions at issue here, Mag Derrilla and Belt, they're the same condition save for being split into two sentences in Mr. Belt's case. Why don't you save the remaining time that you have, which is now running down to 30 seconds. I'll give you an extra minute. Thank you so much. Let's hear from the government. We're not hearing anything. Apologies. Good morning. May it please the Court. Peter Watkinshaw on behalf of the United States. By the time of sentencing in this case at the age of 36, Mr. Belt had amassed over 50 criminal convictions for offenses involving drugs, firearms, theft, and violence. He is a classic example of a defendant at high risk for reoffense. So the district court acted well within its discretion in imposing a supervised release condition that permits the probation officer to search a specific electronic device upon reasonable suspicion that evidence of a specific violation would be found there. This court in Witski, which is cited in our papers, found that when such a condition is cabined upon reasonable suspicion of a specific device and a specific violation, the nexus is apparent on its face. I did want to respond briefly to defense's assertion that the district court must make specific findings of a nexus. This court in Wise, cited in the defendant's papers, inferred the nexus required to uphold the condition there. As a general matter, as this court sets forth in United States v. Reardon, it's not required for a district court to explicitly explain the reasons for imposing a condition of supervised release. Those may be inferred by this court, and they are typically set forth within the PSR, and they therefore put the defendant on notice of the conditions and questions and the reason therefore. I also want to briefly just say that the court did not plainly err in imposing the standard risk notification condition set forth in the current edition of the Sentencing Guidelines. This court, as noted previously, has repeatedly endorsed that condition both before Magnarella, as counsel stated, also after Magnarella in an unpublished decision in United States v. Burleson, I believe. The conditions imposed here really recognize the role of the probation officer as a community supervision specialist. So they provide the probation officer with the necessary discretion to react to events in real time in a way that the district court simply can't anticipate at sentencing, and particularly with respect to the risk notification provision, that discretion is essential. And the condition here is distinguishable both from the condition in Evans and in the condition in Magnarella. But what do you have to say about our decisions that say, or decisions generally that say, you can't solve a vagueness or excess discretion problem by handing the discretion to the probation officer? Yes, Your Honor. I think the crucial decision to be made there is that in this case, with respect to this condition, the probation officer has no discretion to assert whether or not a violation has occurred. But it does afford some discretion to set the terms of what the defendant is required to do per the terms of the condition before the action is taken. So I'd liken it to a condition in which a probation officer may require the defendant to undergo drug counseling, but doesn't specify the particular program or form of drug counseling. In this case, the onus is clearly put on the probation officer to identify a person and a risk, convey those to the defendant, and the defendant can only be said to have violated the condition if they disobey that direct and clear directive from the probation officer, as set forth in Evans. So with somebody with a record like this, I mean, it seems to me the criminal history here is impressive or depressing as the case may be, but he has a substantial criminal history. I agree on the offense in question here. A loaded firearm sitting on his lap makes me say, okay, what exactly, what risk do you define from that? Who is it that the probation officer should be identifying as worthy of receiving notice? I think, Your Honor, the condition can't specify all the potential risks ahead of time, but what it does is it sets forth a procedure. So the probation officer can determine whether or not a risk, a specific risk, is posed by the defendant's characteristics or criminal history, and it must convey, the probation officer must convey to the defendant, this is the risk that I think that you pose to this person. You need to tell this person about this risk. Once that's been conveyed to the defendant, there really is no discretion or ambiguity. There's no doubt that, as in Evans, a person of ordinary intelligence would be able to tell, well, if I tell this person that my probation officer has instructed me to tell about this risk, then I'm in compliance with the condition. If I ignore it, then I'm out of compliance. Explain to me, counsel, how this condition differs from the one in Magdalena. Is it materially identical? Because in that Magdalena case, it's still notifications made by the defendant as directed or upon the instruction of the probation officer. Yes, Your Honor. I believe the condition in Magdalena is substantially identical to the Evans condition, but not substantially identical to ours in that, while it does say as directed by the probation officer, it doesn't make clear how the probation officer must direct the defendant. It still is ambiguous enough to permit the Magdalena condition, is ambiguous enough to permit the probation officer to say, you need to notify specific persons of the risks posed by your criminal history. And the defendant is left wondering, well, which persons and how do I make sense of what the risks posed by my criminal history are? Whereas here, the condition specifies that the probation officer must identify a risk and then can order the defendant to convey that risk to a person. So it specifies a procedure in a way that the Magdalena condition does not. I think that's really the only way I've been able to make sense of Magdalena. It adds the word specific in two places and has the unfortunate effect of making the condition less specific than the one in Evans. Whereas Evans, you have the phrase third parties must be notified. In Magdalena, you have the phrase specific persons. And then in Evans, you have the phrase risks occasioned by the defendant's criminal history or personal characteristics, and that's replaced by the phrase specific risks. Here, the risks, while they're not specified in advance, it makes it clear that the probation officer must make them clear to the defendant before it can assert a violation. And that, in the government's view, cures the vagueness concern. There can be no question to the defendant as to what he has to do once the probation officer has given him the instruction contemplated by this particular condition. Unless the court has any further questions, I'm happy to submit our papers at this point. It doesn't appear that we have additional questions. Thank you. Let's put two minutes on the clock, please. Thank you, Your Honors. I would like to respond just directly to the Bruce notification issue before I was just discussing with my opposing counsel. In Magdarella, at page 1158, this court recognized that in Evans, part of the problem with the condition was that it failed to answer the question of what conduct the defendant needed to warn the public about. And the government's solution of having the probation officer define that conduct is precisely what Evans said is not appropriate. As Judge Clifton pointed out earlier, the discretion of the probation officer cannot cure the vague wording of a condition. So, yes, there do need to be specific risks identified. And that brings me to the other point that I wasn't able to reach in my opening, which is courts do that all of the time by imposing special conditions. So it's unclear why this condition is even necessary. For example, Mr. Belt has a history of drug abuse. So he was imposed for all the risks associated with that behavior. He has a special condition of drug treatment and heightened drug testing that he must comply with in addition to the mandatory drug testing. So district courts are routinely imposing special conditions that really would address a specific risk at issue. And when those risks can't be identified, it's sort of catch-all risk notification condition. It proves that that's a vague condition because it is trying to serve as a catch-all for unidentified and unknown risks that I guess could pop up in the future. But that could be served by a modification of supervision of conditions, which probation also routinely does to address new conditions, new issues that come up not contemplated at sentencing. Well, doesn't that basically kick the can down the road to say, well, we won't have a condition until we prove that it's really needed because this guy is a risk that needs to be harnessed? This guy's criminal history and this particular offense seems to put him out there once he's released as a danger to the community generally. So why is it a good thing to wait to apply a more specific condition until after he's offended in a way that requires intervention? Because the court has to ensure that the conditions are not vague when they're imposed. And also, I don't want us to lose sight of the fact that Mr. Belt has numerous other standard, mandatory, and special conditions at issue and that are not challenged on appeal and that we'll be controlling his behavior and that probation will have tools. All that is at issue is this risk notification condition that this court has struck twice as vague, and if there are no specific risks identified, then it's not a necessary condition. And that is the bedrock of supervision is that they must be supported by the record and worded in a clear manner. And so I say I'm well over my time. Thank you, Your Honor. I would submit on that. All right. Thank you very much, counsel, for both sides for your argument today. The matter is submitted.
judges: Clifton, Nguyen, Bennett